**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMOS JARARD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-906 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| ASHLEY TRAFICANTE et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court on Plaintiff Amos Jarard Taylor's ("Plaintiff") "Response and Objection to Court's Decision to Grant Defendant's Motion to Dismiss" ("Objections") (Docket No. 51), filed in response to the Report and Recommendation ("R&R") (Docket No. 47) of Magistrate Judge Kezia O. L. Taylor entered on May 8, 2025. The R&R recommends that the Court grant the Corrections Defendants' Motion to Dismiss (Docket No. 16), filed by Defendants Ashley Traficante ("Traficante"), Lori Werkman ("Werkman"), Tiffany Binns[1] ("Binns"), Chuck Byers ("Byers"), Dawn Murray ("Murray"), Michael Oppman ("Oppman"), and Thomas Richter ("Richter"), (collectively, the "Corrections Defendants"). Service of the R&R was made on Plaintiff via U.S. Mail and on the defendants in this matter[2] via CM/ECF, and the parties were informed that any objections to same were due by May 22, 2025

---

[1]     Judge Taylor notes in the R&R that the individual listed in the Complaint as "Finn" appears to be better identified as Defendant Tiffany Binns. (Docket No. 47 at 6 n.2).

[2]     The United States, which has been substituted for several federal defendants in this case (Docket No. 42), filed an Answer (Docket No. 40) and has not moved to dismiss this case. (Docket No. 47 at 2 n.1).

1

(and by May 27, 2025, for unregistered CM/ECF users), while any responses opposing objections were due fourteen days from the date of service of objections. (Docket No. 47 at 9, and Docket text entry). On June 30, 2025, Plaintiff filed his Objections (Docket No. 51), and no responses in opposition were filed thereafter.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R, Plaintiff's Objections, and the record in this case in its entirety, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition.

In his Objections, Plaintiff disagrees with Judge Taylor's recommendation that the Corrections Defendants' motion be granted. (Docket No. 51). In so objecting, however, the Court notes that Plaintiff does not clearly specify particular errors within the R&R, although he repeatedly restates the factual basis of his Complaint, which he characterizes as the wrongful confiscation of his legal documents. (*Id.* at 1, 2, 5). Plaintiff also asks the Court, rhetorically, how he can support his claims as an incarcerated individual who is unable to provide the Court with evidence.[3] (*Id.* at 3). However, the R&R does not state that, faced with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must submit evidence to prove the facts alleged in the Complaint, nor does the R&R indicate that Plaintiff here has failed to provide sufficient evidence to the Court. Instead, as Plaintiff himself points out in his Objections, the R&R

---

[3]     Plaintiff also attaches a number of documents to his Objections as evidence to support his claims. (Docket Nos. 51-1, 51-2).

2

explains that a complaint should only be dismissed under Rule 12(b)(6) if it fails *to allege enough facts* to state a claim to relief that is plausible on its face.  (Docket Nos. 47 at 3; 51 at 4).  Accordingly, upon consideration of Plaintiff's factual allegations in support of his various claims, the R&R recommends dismissal of those claims because Plaintiff has failed to allege facts that state plausible claims for relief.

Additionally, the Court notes that the Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of those portions of the R&R that have been properly objected to.  *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Local Civil Rule 72 of the Local Rules of the United States District Court for the Western District of Pennsylvania further provides that any party objecting to a Magistrate Judge's determination shall file "written objections which shall specifically identify the portions of the proposed, recommendations or report to which objection is made and the basis for such objections."  LCvR 72.D.2.  Here, in his Objections, Plaintiff cites to various portions of the R&R's "Legal Standard" – standards with which he does not appear to disagree – and he asks the Court to use its experience and common sense and reconsider the R&R's determination.  (Docket Nos. 47 at 3-5; 51 at 3-5).  In making this request, however, Plaintiff does not identify portions of the R&R to which he specifically objects, in accordance with the Local Rules, nor does he set forth a specific basis for objections.  Plaintiff instead appears to object generally to the R&R's conclusion that he has failed to state claims against the Corrections Defendants upon which relief can be granted.

Nevertheless, in resolving Plaintiff's Objections, the Court has given Plaintiff the benefit of the doubt under the circumstances, and has considered his Objections broadly in conducting a

3

*de novo* review of the R&R's recommendations that Plaintiff has failed to state plausible claims upon which relief can be granted. Upon thorough consideration, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition. In so finding, the Court agrees with Judge Taylor's conclusion that the Eleventh Amendment bars Plaintiff's claims against all the Corrections Defendants in their official capacities, so those claims should be dismissed. (Docket No. 47 at 5-6). The Court further agrees that Plaintiff's official capacity claims should be dismissed with prejudice, as amendment would be futile. (*Id.*). The Court also agrees with Judge Taylor that Plaintiff fails to allege personal involvement in the alleged wrongs as to Defendants Righter, Werkman, Traficante, and Binns, so Plaintiff's claims against these Defendants in their personal capacities should be dismissed on such basis. (*Id.* at 6-7). Additionally, the Court agrees with Judge Taylor that, for the reasons set forth in the R&R, Plaintiff cannot maintain a Fourteenth Amendment due process claim based on confiscation of the mail containing his tax forms, so the claims against the remaining Defendants regarding whom Plaintiff has alleged personal involvement – Byers, Murray, and Oppman – should be dismissed. (*Id.* at 7-9). The Court also agrees that Plaintiff's due process claims should be dismissed with prejudice, as amendment of these claims, which are based on confiscation of his mail, would be futile. (*Id.*). For this same reason, the Court agrees that the claims against Defendants Richter, Werkman, Traficante, and Binns should be dismissed with prejudice, as amendment of these claims would also be futile, since even if Plaintiff could allege these Defendants' personal involvement in the wrongs alleged here, such claims based on confiscation of his mail similarly could not be maintained. (*Id.*). Therefore, the Court agrees with Judge Taylor's recommendation that the Corrections Defendants' motion to dismiss be granted. (*Id.* at 1, 9).

Accordingly, the Court enters the following Order:

AND NOW, this 26th day of March, 2026,

IT IS HEREBY ORDERED that Plaintiff's Objections (Docket No. 51) to the R&R are OVERRULED, the R&R (Docket No. 47) is ADOPTED as the Opinion of the Court, and the Corrections Defendants' Motion to Dismiss (Docket No. 16) is GRANTED.

IT IS FURTHER ORDERED THAT:

1. all claims against the Corrections Defendants in their official capacities are dismissed with prejudice;

2. all claims against Defendants Richter, Werkman, Traficante, and Binns are dismissed with prejudice; and

3. all Fourteenth Amendment due process claims against Byers, Murray, and Oppman are dismissed with prejudice.

/s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Kezia O. L. Taylor
         Amos Jarard Taylor (via U.S. Mail)
         All counsel of record